IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| **HOWARD MATHIS,**<br><br>Plaintiff,<br><br>vs.<br><br>**JDC LOGISTICS, LLC,**<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 3:22-cv-0444 |

## DEFENDANT JDC LOGISTICS, LLC'S ANSWER TO COMPLAINT

Defendant JDC Logistics, LLC ("JDC" or "Defendant"), by and through its counsel hereby files its Answer and additional defenses to Plaintiff Howard Mathis's ("Mathis" or "Plaintiff") Complaint. As to each allegation in the Complaint, Defendant responds as follows.

## NATURE OF THE CLAIMS

1. Defendant admits only that Plaintiff brings two claims under the statutes referenced in the Complaint. Defendant denies that it violated any law as alleged and further denies that Plaintiff is entitled to any relief.

## JURISDICTION AND VENUE

2. Defendant admits that jurisdiction is proper before this Court because Plaintiff brings his claims based on federal law. Defendant denies all allegations in Paragraph 2 of the Complaint that are inconsistent with the foregoing and denies all allegations of wrongdoing.

3. Defendant admits that venue is proper in this district. Defendant denies all allegations in Paragraph 3 of the Complaint that are inconsistent with the foregoing and denies all allegations of wrongdoing.

## PARTIES

4. The statements in Paragraph 4 of Plaintiff's Complaint are legal conclusions, legal arguments and/or statements of law to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 4 of the Complaint and denies the allegations.

5. The statements in Paragraph 5 of Plaintiff's Complaint are legal conclusions, legal arguments and/or statements of law to which no response is required. To the extent a response is required, Defendant admits that it is a trucking business in the State of Tennessee. Defendant denies the remaining allegations in Paragraph 5 of the Complaint and denies all allegations of wrongdoing.

## FACTUAL ALLEGATIONS

6. Defendant admits that Plaintiff is an African American male. Defendant admits for purposes of this action only that Plaintiff used to work for Defendant. Defendant denies all allegations in Paragraph 6 of the Complaint that are inconsistent with the foregoing and denies all allegations of wrongdoing.

7. Defendant admits only that Plaintiff worked for Defendant from June 8, 2022, to July 5, 2022. Defendant denies all allegations in Paragraph 7 of the Complaint that are inconsistent with the foregoing and denies all allegations of wrongdoing.

8. Defendant admits only that Plaintiff reported to his girlfriend, who was also his immediate supervisor, that he received two anonymous notes. Defendant denies all allegations in

Paragraph 8 of the Complaint that are inconsistent with the foregoing and denies all allegations of wrongdoing.

9. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 9 of the Complaint. To the extent a response is required, Defendant denies the allegations.

10. The document attached as Exhibit A to the Complaint speaks for itself. Defendant denies the remaining allegations contained in Paragraph 10 of the Complaint. Defendant furthermore denies that the conduct alleged rises to the level of a hostile work environment or actionable harassment.

11. The document attached as Exhibit A to the Complaint speaks for itself. Defendant denies the remaining allegations contained in Paragraph 11 of the Complaint. Defendant furthermore denies that the conduct alleged rises to the level of a hostile work environment or actionable harassment.

12. The document attached as Exhibit A to the Complaint speaks for itself. Additionally, Defendant admits that the document was unsigned. Defendant denies the remaining allegations contained in Paragraph 12 of the Complaint.

13. Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 13 of the Complaint. To the extent a response is required, Defendant denies the allegations.

14. Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 14 of the Complaint. To the extent a response is required, Defendant denies the allegations contained in Paragraph 14 of the Complaint, denies all allegations in Paragraph 14 inconsistent with the foregoing and denies all allegations of wrongdoing.

15. Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 15 of the Complaint upon reasonable belief. To the extent a response is required, Defendant denies the allegations contained in Paragraph 15 of the Complaint. Defendant furthermore denies that the conduct alleged rises to the level of a hostile work environment or actionable harassment. Defendant denies all allegations in Paragraph 15 inconsistent with the foregoing and denies all allegations of wrongdoing.

16. Defendant admits the allegation contained in Paragraph 16 of the Complaint but denies that "nigga" was used in Exhibit A or Exhibit B in the same context as typically associated with the word "nigger," and that "nigga" is not always used as a derogatory term. Defendant furthermore denies that the conduct alleged rises to the level of a hostile work environment or actionable harassment.

17. Defendant admits the allegation contained in Paragraph 17 but denies that "nigga" was used in Exhibit A or Exhibit B in the same context as typically associated with the word "nigger." Defendant furthermore denies that the conduct alleged rises to the level of a hostile work environment or actionable harassment.

18. Defendant admits the allegation in Paragraph 18 of the Complaint but denies that "nigga," as used in Exhibit A and Exhibit B, was used in that manner.

19. Defendant admits only that "nigger" is a racist term, but Defendant denies that "nigga," as used in Exhibit A and Exhibit B, was used in that manner.

20. Defendant admits that, generally, in the United States, racial violence has occurred because of interracial relationships, but Defendant denies that "nigga," as used in Exhibit A and Exhibit B, was used in the same context as typically associated with the word "nigger." Defendant further denies that the note alleged any threat because of an interracial relationship.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. Denied as stated. Defendant admits that Plaintiff showed the note to his girlfriend, who was also his immediate supervisor. Defendant also admits that a supervisor said that the matter would be and that the matter was investigated. Defendant denies all allegations in Paragraph 27 in the Complaint that are inconsistent with the foregoing and denies all allegations of wrongdoing.

28. Defendant admits that it investigated the reported conduct. Defendant denies all other allegations in Paragraph 28 of the Complaint that are inconsistent with the foregoing and denies all allegations of wrongdoing.

29. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 29 of the Complaint. To the extent a response is required, Defendant denies the allegations.

30. The document attached as Exhibit B to the Complaint speaks for itself. Defendant denies the remaining allegations contained in Paragraph 30 of the Complaint. Defendant furthermore denies that the conduct alleged rises to the level of a hostile work environment or actionable harassment. Defendant denies all allegations in Paragraph 30 inconsistent with the foregoing and denies all allegations of wrongdoing.

31. The document attached as Exhibit B to the Complaint speaks for itself. Defendant denies the remaining allegations contained in Paragraph 31 of the Complaint. Defendant furthermore denies that the conduct alleged rises to the level of a hostile work environment or actionable harassment. Defendant denies all allegations in Paragraph 31 inconsistent with the foregoing and denies all allegations of wrongdoing.

32. The document attached as Exhibit B to the Complaint speaks for itself. Defendant denies the remaining allegations contained in Paragraph 32 of the Complaint. Defendant furthermore denies that the conduct alleged rises to the level of a hostile work environment or actionable harassment. Defendant denies all allegations in Paragraph 32 inconsistent with the foregoing and denies all allegations of wrongdoing.

33. The document attached as Exhibit B to the Complaint speaks for itself. Additionally, Defendant admits that the document was unsigned. Defendant denies the remaining allegations contained in Paragraph 33 of the Complaint.

34. Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 34 of the Complaint. To the extent a response is required, Defendant denies the allegations.

35. Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 35 of the Complaint. To the extent a response is required, Defendant denies the allegations contained in Paragraph 35 of the Complaint, denies all allegations in Paragraph 35 inconsistent with the foregoing and denies all allegations of wrongdoing.

36. Defendant denies all allegations contained in Paragraph 36 of the Complaint.

37. Defendant denies all allegations contained in Paragraph 37 of the Complaint.

38. Defendant denies all allegations contained in Paragraph 38 of the Complaint.

39. Defendant denies all allegations contained in Paragraph 39 of the Complaint.

40. Defendant denies all allegations contained in Paragraph 40 of the Complaint.

41. Defendant denies all allegations contained in Paragraph 41 of the Complaint.

42. Defendant denies all allegations contained in Paragraph 42 of the Complaint.

43. Denied as stated. Defendant admits that Plaintiff showed the note to his girlfriend, who was also his immediate supervisor. Defendant also admits that a supervisor said that the matter would be investigated and that the matter was investigated. Defendant denies all allegations in Paragraph 43 in the Complaint that are inconsistent with the foregoing and denies all allegations of wrongdoing.

44. Defendant admits only that there was a phone call conversation between Mr. Morovich and Plaintiff on or around July 5, 2022. Defendant denies all other allegations in Paragraph 44 of the Complaint that are inconsistent with the foregoing and denies all allegations of wrongdoing.

45. Defendant admits only that Mr. Morovich informed Plaintiff that he had begun investigating the matter and that the person responsible would be "terminated on the spot." Defendant denies all other allegations in Paragraph 45 of the Complaint that are inconsistent with the foregoing and denies all allegations of wrongdoing.

46. Denied as stated. Mr. Morovich stated that Defendant "[had] to terminate [Plaintiff's] contract . . . due to [the] conflict. You cannot work for your significant other." Defendant denies all allegations inconsistent with the foregoing and denies all allegations of wrongdoing.

47. Denied as stated. Mr. Morovich said that he "wished that this would have worked out a different way because, like I said, by all accounts, you are a great worker." Defendant denies all allegations inconsistent with the foregoing and denies all allegations of wrongdoing.

48. Denied as stated. Defendant prohibits one party in a romantic relationship from supervising another party in the relationship.

49. Admitted.

50. Denied as stated. Plaintiff stated to Mr. Morovich during the call that "[it] seems like retaliation, I haven't done anything wrong." Furthermore, Defendant denies that it retaliated against Plaintiff. Defendant denies all allegations inconsistent with the foregoing and denies all allegations of wrongdoing.

51. Admitted.

52. Defendant admits only that co-workers may have engaged in romantic relationships but denies that supervisors and subordinates have been permitted to engage in relationships. Defendant denies all allegations inconsistent with the foregoing and denies all allegations of wrongdoing.

53. Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54. Denied as stated.

55. Admitted. Defendant investigated the matter and has been unable to determine who wrote the notes.

56. Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57. Defendant denies the allegations contained in Paragraph 57 of the Complaint.

58. Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59. Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 60 of the Complaint. To the extent a response is required, Defendant denies the allegations.

61. Defendant admits that termination is an adverse tangible employment action but denies that Plaintiff's termination was for any unlawful reason.

## FIRST CAUSE OF ACTION

(Harassment in Violation of Section 1981)

62. Defendant hereby incorporates by reference as though fully set forth herein its responses to the preceding paragraphs.

63. Defendant denies all allegations contained in Paragraph 63 of the Complaint.

64. Defendant denies all allegations contained in Paragraph 64 of the Complaint.

65. Defendant denies all allegations contained in Paragraph 65 of the Complaint.

66. Defendant denies all allegations contained in Paragraph 66 of the Complaint.

## SECOND CAUSE OF ACTION

(Retaliation in Violation of Section 1981)

67. Defendant hereby incorporates by reference as though fully set forth herein its responses to the preceding paragraphs.

68. Defendant denies all allegations contained in Paragraph 68 of the Complaint.

69. Defendant denies all allegations contained in Paragraph 69 of the Complaint.

70. Defendant denies all allegations contained in Paragraph 70 of the Complaint.

71. Defendant denies all allegations contained in Paragraph 71 of the Complaint.

## PRAYER FOR RELIEF

In response to Plaintiff's prayer for relief contained in the paragraphs beginning with "WHEREFORE," Defendant denies any liability, denies that Plaintiff is entitled to any of the remedies requested, and denies that Plaintiff is entitled to any relief whatsoever. To the extent Defendant failed to respond to any allegations in Plaintiff's Complaint, those allegations are hereby denied.

NOW, THEREFORE, having fully answered the Complaint, Defendant states additional defenses as follows.

## ADDITIONAL DEFENSES

### FIRST DEFENSE

Defendant denies that it is responsible for damages in any amount to Plaintiff and denies that it caused Plaintiff any injury.

### SECOND DEFENSE

Defendant's actions toward or its decisions regarding Plaintiff's employment were made in good faith and for legitimate, nondiscriminatory, and nonretaliatory reasons.

### THIRD DEFENSE

On information and belief, Plaintiff's claims may be barred by the doctrine(s) of estoppel, laches, waiver, and/or unclean hands.

### FOURTH DEFENSE

Plaintiff's Complaint and each and every cause of action therein may be limited or barred by the doctrine of after-acquired evidence.

## FIFTH DEFENSE

Defendant denies that Plaintiff's race was a factor in any of the employment decisions or activities at issue and further denies that it discriminated against Plaintiff in any manner whatsoever.  Even if Plaintiff's race was a factor in any employment decision, it was not a motivating or determinative factor in any action taken by Defendant, as Defendant would have taken such action anyway for legitimate, nondiscriminatory, nonretaliatory reasons.

## SIXTH DEFENSE

Defendant pleads all applicable state and federal limitations periods, both as bars to the claims and requests for relief asserted in the Complaint and as limitations upon the evidence to be admitted or considered in connection with any proceedings in this case.

## SEVENTH DEFENSE

Plaintiff cannot demonstrate that Defendant knew or should have known of any alleged illegal conduct and failed to take immediate and appropriate action.

## EIGHTH DEFENSE

While Defendant expressly denies that it or its agents acted in any discriminatory or harassing manner, if Plaintiff's rights were violated, such violation occurred outside the scope of employment of any of Defendant's employees and without Defendant's consent.  Defendant did not condone, ratify, or tolerate any such conduct but instead prohibited such.  Actions entirely outside the course and scope of an employee's employment may not be attributed to Defendant through the principles of agency, respondeat superior, or otherwise.

## NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant maintains a policy against harassment and otherwise took reasonable steps to prevent the conduct alleged in the

Complaint, Plaintiff unreasonably failed to use preventative and corrective measures that Defendant provided, and reasonable use of Defendant's procedures would have prevented at least some of the harm that Plaintiff allegedly suffered, if any. Defendant further states that it took reasonable steps to stop any alleged harassment.

## TENTH DEFENSE

Plaintiff is barred from pursuing claims for punitive damages because Defendant did not engage in any acts or omissions that would rise to the level required to sustain an award of punitive damages.

## ELEVENTH DEFENSE

Plaintiff's claim for punitive damages violates the Tennessee and Federal Constitutions, specifically on equal protection and due process grounds.

## TWELFTH DEFENSE

Defendant may not be held vicariously liable for punitive damages based on unlawful employment actions made by its agents if any are proven because any such unlawful actions were contrary to Defendant's policies and good-faith efforts to comply with the law.

## THIRTEENTH DEFENSE

Defendant asserts that the allegations in the Complaint, even if true, do not rise to the level of actionable harassment.

## FOURTEENTH DEFENSE

Plaintiff has failed to mitigate his damages if any.

## FIFTEENTH DEFENSE

Defendant reserves the right to amend this Answer to plead any affirmative defense or matters of avoidance required by Rules 8(c) and 12(h) of the Federal Rules of Civil Procedure,

which may be determined applicable to this action through subsequent discovery proceedings or further investigation of the claims and allegations asserted in the Complaint.

### SIXTEENTH DEFENSE

Defendant reserves all Rule 12 defenses as applicable, including lack of jurisdiction over the subject matter, lack of jurisdiction over the person, improper venue, insufficiency of process, insufficiency of service of process, and failure to state a claim upon which relief can be granted.

### SEVENTEENTH DEFENSE

Plaintiff's non-economic damages, if any, may not exceed $750,000 under Tenn. Code Ann. § 29-39-102. Defendant denies that Plaintiff is entitled to any recovery whatsoever but states that any such recovery is subject to Tenn. Code Ann. § 29-39-102 and any other damages caps or limitations under applicable law.

### EIGHTEENTH DEFENSE

Defendant has, at no point relevant to the allegations at issue in the Complaint, acted with the intent to harm Plaintiff with malice, wantonness, or recklessness.

### NINETEENTH DEFENSE

Defendant denies any allegations of the Complaint which has not been expressly admitted herein and demands strict proof thereof.

**WHEREFORE**, having fully answered the Complaint's allegations, Defendant respectfully requests the Court dismiss Plaintiff's claims against him with prejudice and grant Defendant all other and further relief to which he may be entitled as a matter of law or equity.

This the 10th day of February, 2023.

Respectfully submitted,

**BUTLER SNOW LLP**

*/s/Kathryn K. Van Namen*
Brent E. Siler (022289)
Kathryn K. Van Namen (031322)
Lauren N. Jones (039343)
6075 Poplar Ave., Suite 500
Memphis, TN 38119
T (901) 680-7200
F (901) 680-7201
Brent.Siler@butlersnow.com
Kate.VanNamen@butlersnow.com
Lauren.Jones@butlersnow.com

*Attorneys for Defendant JDC Logistics, LLC*

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing Answer will be served upon the following counsel of record via the Court's ECF system on February 10, 2023.

Todd C. McKee, BPRN 18123
Maya Sethi, BPRN 30660
T MCKEE LAW PLLC
4235 Hillsboro Pike, Ste. 300
Nashville, TN 37215
615.916.3224
tmckee@tmckeelaw.com

                                                   */s/Kathryn K. Van Namen*

67527153.v1